1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
8                                         AT SEATTLE

9    JACK WILLING, *et al.*,

10                  Plaintiffs,

11           v.                                      Case No.  C06-1357RSL

12   COMMUNITY ASSOCIATION                           ORDER GRANTING IN
     UNDERWRITERS OF AMERICA, INC., *et*             PART AND DENYING IN PART
13   *al.*,                                          MOTIONS FOR A PROTECTIVE
                                                     ORDER AND TO COMPEL
14                  Defendants.

15

16                                   **I.  INTRODUCTION**

17           This matter comes before the Court on a motion for a protective order filed by defendants

18   Community Association Underwriters of America, Inc. ("CAU") and American Alternative

19   Insurance Company ("AAIC") (collectively, "defendants") (Dkt. #10) and on a motion to compel

20   filed by plaintiffs Jack and Cheryl Willing and Ron and Lisa Cole (collectively, "plaintiffs")

21   (Dkt. #16).  Plaintiffs have served CAU and AAIC with notices to take Rule 30(b)(6)

22   depositions.

23           Defendants argue that the depositions should occur by telephone rather than in Seattle

24   because requiring their witnesses to travel to Seattle from the East Coast would result in undue

25   burden and expense, particularly because they will refuse to answer questions on 6 of the 8

26

27   ORDER GRANTING IN PART AND
     DENYING IN PART MOTIONS FOR A
28   PROTECTIVE ORDER AND TO COMPEL - 1

1  listed topics on the grounds of attorney-client privilege and/or work product.  Defendants argue

2  that the witnesses will not answer any questions related to the coverage determination because

3  the decision was made on the advice of counsel.  In response, plaintiffs assert that the privileges

4  do not apply because, among other reasons, they seek to learn facts, not the contents of

5  privileged communications.  On December 8, 2006, the Court ordered the parties to provide

6  supplemental briefing on the issue of whether the underlying testimony is protected by the

7  attorney-client privilege.  The Court noted that resolution of the privilege issue will determine

8  how lengthy and substantive the depositions will be, which in turn will influence whether the

9  Court will require that the depositions occur in person in Seattle rather than via telephone.

10  For the reasons set forth below, the Court grants in part and denies in part the motions for

11  a protective order and to compel.

## II.  DISCUSSION

**A.    Background Facts.**

14  This is an insurance coverage dispute.  Plaintiffs, who are condominium developers,

15  allege that defendants had a duty to defend and indemnify them in an underlying construction

16  defect and property damage lawsuit in King County Superior Court.  Plaintiffs allege that

17  defendants breached the insurance policy, "breached their duty to defend in bad faith," and

18  violated WAC 284-30-330 by (1) misrepresenting pertinent facts and/or insurance policy

19  provisions, (2) failing to adopt and implement reasonable standards for the prompt investigation

20  of claims, and (3) refusing to pay the claims without conducting a reasonable investigation.

21  Complaint at ¶¶ 24-31.

22  CAU is a small, privately held company located in Newtown, Pennsylvania that writes

23  insurance policies for condominium and homeowners associations.  It acts as managing general

24  agent for insurance companies including AAIC, located in Princeton, New Jersey, which

25  actually issue the policies.

26  Plaintiffs' counsel sent letters to defendants' counsel dated October 30 and November 6,

27  ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS FOR A
28  PROTECTIVE ORDER AND TO COMPEL - 2

1   2006 requesting mutually agreeable dates for a 30(b)(6) deposition of each defendant.  After

2   receiving no response to either letter, plaintiffs' counsel served 30(b)(6) deposition notices for

3   November 21, 2006 in Seattle.  The 30(b)(6) notice lists 8 topics, including (1) defendants'

4   handling and investigation of the claims arising out of the underlying lawsuit, (2) all facts

5   supporting their contention that coverage for the underlying lawsuit was barred by Exclusion O

6   in the policy, (3) all facts supporting their contention that they did not have a duty to defend the

7   underlying lawsuit, (4) any other basis in the insurance policy "in relation to the facts or

8   applicable law" for denying a duty to defend the underlying lawsuit, (5) the facts supporting

9   their assertions in the Answer, (6) the basis for withholding any documents not produced under

10  Federal Rule of Civil Procedure 26, (7) the nature of the business conducted by CAU and its

11  relationship to AAIC, and (8) CAU's decision to amend the "Damage to Property" exclusion.

12  Declaration of Joanne Henry, (Dkt. #11) ("Henry Decl."), Ex. D.  Counsel subsequently

13  conducted two lengthy telephone conferences in an attempt to resolve this matter.

14      CAU alleges that as soon as it received plaintiffs' claims, it immediately sent them to

15  coverage counsel, who is also counsel representing defendants in this matter.  Defense counsel

16  authored the letter denying coverage.  Defense counsel informed plaintiffs' counsel that all the

17  30(b)(6) witnesses "would be able to say at deposition was that they had received the claim,

18  recognized coverage problems and sent the matter to counsel, and that thereafter all

19  communications were privileged."  Henry Decl. at p. 3; id. at p. 4 (asserting that plaintiffs

20  "would get no testimony on items 1-6 except that the claim was received, sent to counsel, and

21  that everything thereafter involved legal positions taken on advice of counsel, and that this

22  should be accomplished by telephone").

23  **B.    Defendants Request to Conduct Depositions Via Telephone or Through**

24      **Interrogatories.**

25      Defendants request that the depositions occur by telephone.  Although plaintiffs have the

26  right to take discovery in the manner they have chosen, that right is not absolute.  Pursuant to

27  ORDER GRANTING IN PART AND
    DENYING IN PART MOTIONS FOR A
28  PROTECTIVE ORDER AND TO COMPEL - 3

1  Federal Rule of Civil Procedure 26(c), courts may issue protective orders when the moving party

2  has shown "good cause" and the order is necessary to "protect a party or person from

3  annoyance, embarrassment, oppression, or undue burden or expense." Defendants assert that the

4  depositions should occur by telephone because they will be brief. The evidence shows that the

5  claim was handled by CAU and it issued a coverage decision. The parties' memoranda address

6  CAU's role but not AAIC's role, which appears to have been limited. It therefore appears that

7  the deposition of AAIC's representative will be very brief. Accordingly, defendants' request

8  that the AAIC deposition occur by telephone is granted.

9  As for CAU, determining how much time the questioning will take is speculative. The

10  Court cannot anticipate all of the questions plaintiffs plan to ask, so determining the deposition

11  length and specific applicability of the privilege is difficult. Nevertheless, the Court will address

12  whether the attorney client privilege or work product applies to the information sought by the

13  deposition topics. The parties agree that because this is a diversity case, the Court applies

14  Washington law to the applicability of the privilege and federal law to the applicability of the

15  work product doctrine.

16  Topic #6 seeks the reason defendants have withheld documents. If defendants continue

17  to assert that they withheld documents based on the advice of counsel, they are not required to

18  further elaborate.

19  Most of the remaining topics listed in the notice seek facts, not the contents of

20  communications with counsel. The underlying facts are not privileged, even though CAU

21  immediately forwarded the claim to outside counsel. Therefore, CAU cannot merely assert the

22  attorney client privilege when asked what facts underlie its coverage decision or the assertions in

23  its Answer. To the extent that topic #4 seeks "any other basis in the insurance policy, in relation

24  to the facts or applicable law, for denying a duty to defend" the underlying lawsuit, the deponent

25  will also be required to answer that question. The language tracks the insurer's obligation.

26  WAC 284-30-330(13) (requiring insurers to "promptly provide a reasonable explanation of the

27
    ORDER GRANTING IN PART AND
    DENYING IN PART MOTIONS FOR A
28  PROTECTIVE ORDER AND TO COMPEL - 4

1 basis in the insurance policy in relation to the facts or applicable law for denial of a claim").

2 Based on the regulation, defendants are required to explain their coverage decision even if it was

3 made primarily on legal grounds.

4 Plaintiffs will not ask, and CAU will not be required to disclose its counsel's advice or

5 communications with her. Instead, plaintiffs are entitled to ask CAU to explain the reasons for

6 its business decision, a decision that it, not its counsel, made pursuant to its statutory obligation

7 and its policy. Defendants cannot avoid their duty by forwarding the claim to outside counsel.

8 Plaintiffs are also entitled to inquire about the assertions set forth in the denial letter. For

9 example, the denial letter states, "It is doubtful that these allegations are of 'property damage'

10 within the coverage of the policy, such as to implicate the duty to defend." Plaintiffs are entitled

11 to know what facts CAU believes underlie that assertion and the assertion that plaintiffs acted

12 "intentionally." Although defendants argue that the letter was based on the advice of counsel,

13 defendants cannot use the denial letter to assert their defenses but refuse to answer questions

14 about those defenses. Moreover, although defendants argue that responding to the questions

15 listed in the notice would require them to disclose their counsel's legal analysis, they have

16 already disclosed that analysis through the denial letter counsel drafted. If CAU is unable or

17 unwilling to provide a witness who can answer plaintiffs' questions regarding its business

18 decision to deny the claim, it may be precluded from offering certain evidence later.

19 Having found that the notice topics do not seek privileged information, the Court

20 considers the amount of time the deposition might take. Because CAU will be required to

21 answer the questions listed in the deposition notice, rather than merely asserting the privilege,

22 the deposition could take at least several hours. The Court also considers defendants' argument

23 that the costs of a live deposition are great in light of the relatively small amount of damages at

24 issue, approximately $160,000. Defendants also allege that they would incur undue burden and

25 expense if required to produce one witness each in Seattle. Certainly, all parties and the Court

26 would like to minimize the amount of expense and inconvenience involved. Requiring a witness

27
ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS FOR A
28
PROTECTIVE ORDER AND TO COMPEL - 5

1  to travel to Seattle from the East Coast will result in some travel and lodging expenses. Those

2  expenses, which will involve one airplane ticket between Seattle and Philadelphia or Newark

3  and at most two nights' lodging, do not represent an *undue* burden or expense. Furthermore,

4  CAU transacts business in Washington, its attorney is in this district, and it has an office in

5  Bellevue, Washington. CAU may designate a witness from its Bellevue office as long as that

6  witness is prepared to answer questions on the listed topics. Furthermore, the listed topics are

7  crucial to plaintiffs' allegations.

8      Also, on October 30, 2006, while counsel in this case were negotiating the depositions,

9  CAU was ordered to produce a 30(b)(6) witness for deposition in Seattle in another case in this

10 district. Far Northwest Dev. Co., LLC v. CAU, C05-2134RSM (Oct. 30, 2006). Presumably,

11 the same designee could testify in both cases. In sum, CAU has not shown that providing one

12 30(b)(6) designee for a live deposition in Seattle will result in undue burden or expense. The

13 Court will not deprive plaintiffs of their chosen method of discovery.

14     Defendants' request to respond to questions regarding their defenses and reasons for

15 denying the claim solely in response to interrogatories is untenable. Plaintiffs have a right to the

16 give and take of a deposition. Furthermore, defendants cannot claim that the same information

17 is privileged in a deposition but not privileged in response to interrogatories.

18 **C.    Drafts of the Coverage Denial Letter.**

19     In their motion, plaintiffs sought to compel the production of several documents listed in

20 defendants' privilege log. In their reply, plaintiffs seem to have abandoned all of those issues

21 except they seek to compel CAU to produce copies of the drafts of the coverage denial letter.

22 Defendants argue that the drafts reflect communications between counsel and the client in the

23 course of revising and finalizing the company's legal position. Plaintiffs counter that the letters

24 must be produced if they simply reflect different versions. However, it appears that counsel and

25 CAU, through claims adjuster Richard Crooks, were revising and exchanging the drafts and the

26 drafts reflect their communications. Declaration of Richard Crooks, (Dkt. #19) at p. 3. The

27 ORDER GRANTING IN PART AND
DENYING IN PART MOTIONS FOR A
28 PROTECTIVE ORDER AND TO COMPEL - 6

1   drafts were also exchanged in the context of CAU seeking legal advice from its outside counsel.

2   Accordingly, defendants will not be required to produce the drafts.

3   **D.      Plaintiffs' Request for Sanctions.**

4        Plaintiffs seek to recover their costs and attorney's fees incurred in responding to this

5   motion for a protective order.  Because the Court has granted the motion in part, sanctions are

6   not warranted.

7                              **III.  CONCLUSION**

8        For all of the foregoing reasons, defendants' motion for a protective order (Dkt. #10) and

9   plaintiffs' motion to compel (Dkt. #16) are GRANTED IN PART AND DENIED IN PART.

10

11        DATED this 12th day of February, 2007.

12

13

14                              *MW S Lasnik*
                                _____
15                              Robert S. Lasnik
                                United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27   ORDER GRANTING IN PART AND
     DENYING IN PART MOTIONS FOR A
28   PROTECTIVE ORDER AND TO COMPEL - 7